UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAROLD MCMILLIAN | CIVIL ACTION |
| Plaintiff, | |
| v. | No.: |
| SAFEPOINT INSURANCE COMPANY | Section: |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

NOW COMES Harold McMillian, through undersigned counsel, who respectfully represents that:

**PARTIES**

1. Made Plaintiff herein is Harold McMillian (hereinafter "Plaintiff"), a person of the full age and majority, domiciled in the Parish of Orleans, State of Louisiana.

2. Made Defendant herein is SAFEPOINT INSURANCE COMPANY (hereinafter "Defendant"), under information and belief, a foreign company incorporated under the laws of Florida, with its principal place of business located at 12640 Telcom Drive, Temple Terrance, Florida 33637. Defendant may be served with process through the Louisiana Secretary of State, 8585 Archive Avenue, Baton Rouge, Louisiana 70809.

**JURISDICTION AND VENUE**

3. This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201, *et seq*., and Federal Rule of Civil Procedure 57.

1

4. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §2201, as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between the plaintiffs and defendants.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). The amount in controversy in a declaratory judgment action is determined by the object of the litigation; here, the object of the action will determine whether the Plaintiff's losses are covered under the Defendant's policy of insurance.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

7. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

8. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiffs are, therefore, entitled to bring this action in this Court.

## FACTUAL BACKGROUND

9. Plaintiff contracted with Defendant to insure the property located at 7136 Grey Oaks Drive, New Orleans, LA 70126 (hereinafter "Insured Premises").

10. The Defendants utilized and relied on SafePoint Insurance Company to administer the policy (hereinafter "SafePoint").

11. The Insured Premises is the location of a residential household located in the New Orleans.

12. The Insured Premises is covered under a policy of insurance issued by the Defendant with policy number believed to be SLAH0409149-04 (hereinafter "Policy"). The Policy was in full effect during the period of August 16, 2021, through August 16, 2022.

13. Defendant assessed the risk of insuring the Plaintiff, and thereafter, offered to sell the Plaintiff a policy with Replacement Cost Value coverage for a premium following their evaluation.

14. Defendant had the opportunity and access to assess the risk of the Insured Premise, and indeed, under information and belief, found the Insured Premise in to be in good condition in the underwriting process.

15. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

16. All premium payments paid by Plaintiff were accepted by the Defendant.

17. Plaintiff entered the contract of insurance with the reasonable expectation that in return for the payment of premium, Defendant would abide by the terms of their Policy and pay for any covered losses that may occur within the Policy term.

18. The Insured Premise is the family home of the Plaintiff, which was maintained in exceptional condition.

19. On August 29, 2021, while the policy was in full force and effect, the Insured Premise sustained significant damages resulting from Hurricane Ida, a major category four hurricane.

20. Devastating winds, wind-driven rain, and a life-threatening storm surge lasted for several hours as the hurricane slowly passed over New Orleans.

21. Hurricane Ida resulted in extensive damage to New Orleans and Southeast Louisiana, including the shredding of the power grid and thousands of structures.

22. As a result of Hurricane Ida, the Insured Premise suffered extensive damage, particularly to its structure and contents.

23. Plaintiff provided timely and proper notice to Defendant of their Hurricane Ida lost through their claims center.

24. Defendant failed to timely commence their investigation and claims handling from the notice of claim.

25. In compliance with the policy, Plaintiff began mitigating the loss as soon as possible.

26. Plaintiff is entitled to recovery of all benefits due under the Policy resulting from Hurricane Ida to the Insured Premise, including, but not limited to, the structural loss, recoverable depreciation, and personal property.

27. Under information and belief, Defendant failed to appropriately assign the loss claim for the Insured Premise.

28. Defendant inspected the Insured Premise on or about January 28, 2022, over four months from the notice of the loss.

29. Defendant was given full access to inspect the Insured Premise. During this inspection, the extensive damage to the building was visible and obvious.

30. Defendant failed to bring any equipment to access the roof of the Insured Premise and conduct a proper inspection.

31. Louisiana law provides claim handling timelines strictly construed under Louisiana law.

32. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest.

33. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proof of loss of the that claim.

34. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and La. Stat. Ann. §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

35. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

36. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

37. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

38. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

39. In compliance with their duties, Plaintiff has cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

40. Defendant knew or should have known that undisputed amount of the claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

41. In addition to participating in the inspections by the Defendant, the Plaintiff carefully compiled all of the evidence of the damage through firsthand witnesses and retained consultants.

42. Plaintiff provided Defendant with a formal proof of loss package with all of the evidence of the loss on February 4, 2022. The package contained the factual background of the claim, photo report, eagleview report, 3D property mapping (matterport), Xactimate estimate, contents list, evidence of manufacturer price increases, and evaluation of the duties owed by the Defendant under Louisiana law.

43. The February 4, 2022, proof of loss submission provided further satisfactory proof of loss to the Defendant as it contained all of the Plaintiff's investigation of the claim and sufficient information providing the extent of the loss. The proof of loss more than sufficient evidence and information for the Defendant to make a determination on the loss, particularly the building coverage.

44. On or about February 1, 2022, Defendant approved the re-tarping of the Insured Premise roof advising payment would be covered by the Defendant.

45. On or about February 1, 2022, Defendant requested that the Plaintiff's contractor document the roof damage on behalf of Safepoint, under information and belief, as a result of Defendant's failure to evaluate the roof during their inspection.

46. On or about February 17, 2022, Plaintiff submitted to Defendant his contractor's additional documentation of the roof damage taken during the re-tarping directed by the Defendant.

47. Upon information and belief, the Plaintiff's claim was re-assigned to different adjusters' multiple times.

48. Plaintiff advised Defendant that it had exceeded it's time to investigate the claim, make a determination, and tender undisputed amount under Louisiana law to no avail.

49. Plaintiff sought update on the status of payment from Defendant to no avail.

50. Defendant has failed to timely and reasonably adjust the loss and tender the evidenced amount.

51. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff has continued to work with Defendant to ensure compliance with their duties under the policy. This cooperation in no way waives Defendant's duties under the law.

52. On or about April 21, 2022, Defendant advised Plaintiff it had just directed its adjuster to prepare damage assessments based of the initial inspection and documentation submitted by the Plaintiff, over sixty (60) days from satisfactory proof of loss.

53. On or about May 6, 2022, Plaintiff received notice that Safepoint had approved payment for a scope which ignored or omitted the evidence loss at the Insured Premise and submitted to the Defendant.

54. Defendant's May 6, 2022, notice included an Xactimate estimate listing a price list of December 2021 despite the issuance of the estimate in May 2022.

55. Defendant knew or should have known of material and labor increases in the market between December 2021 and May 2022.

56. Defendant's estimate failed to include the re-tarping of the roof previously approved and done at their direction.

57. Defendant's estimate failed to include rooms and damage plainly viewed during their inspection at the Insured Premise and Plaintiff documentation.

58. On or about May 31, 2022, and one hundred and twenty-three days from the Defendant's inspection, Defendant's provide Plaintiff payment approximately 2% of the evidenced and sustained loss.

59. Defendant based their wrongful and late determination on their improper inspection of the insured premise.

60. On May 11, 2022, after issuing the estimate payment was based on, Defendant asked Plaintiff had ever submitted their own estimate. Defendant knew or should have known that an contracting bid and estimate was submitted to them on February 4, 2022.

61. Under information and belief, Defendant willfully ignored the Plaintiff's submitted claim documentation in their improper evaluation of the claim.

62. On May 11, 2022, Defendant requested that the Plaintiff re-forward their submitted loss documentation and evidence, which had been previously acknowledged as received.

63. Under information and belied, Defendant failed to keep any record regarding Plaintiff's claim, from notice of claim to evidence of damage.

64. Defendant, under information and belief, cannot show evidence of the claimed damage to the structure pre-existing Hurricane Ida. Indeed, Defendant accepted a high premium to insure the Insured Premise due to its good condition.

65. Under information and belief, after a delayed investigation of the claim, the Defendant is improperly utilizing the appraisal provision to further delay payment and put the Plaintiff through a prolonged process to reach an unfair and inequitable claim closure.

66. Defendant has unjustifiably failed and/or refused to perform their obligations under the policy and have wrongfully or unfairly limited payment on the Plaintiff's claim.

67. Defendant is clearly aware of the increasing liability to Plaintiff and damage to the property the longer the claim is delayed and underpaid. Nevertheless, Defendant continues to unreasonably withhold funds owed under the Policy.

68. Defendant has unjustifiably failed and/or refused to perform their obligations under the Policy and have wrongfully or unfairly limited payment on the Plaintiff's claim.

## CAUSES OF ACTION

69. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

### DECLARATORY JUDGMENT: TIMELINE VIOLATION OF LA. STAT. ANN. §22:1892 AND §22:1973

70. Plaintiff is seeking a Declaratory Judgment confirming that Defendant has an obligation to comply with the thirty- and sixty-day statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

71. Plaintiff is seeking Declaratory Judgment confirming that Defendant's thirty- and sixty-day timelines under La. Stat. Ann. §22:1892 and §22:1973 began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission.

## BREACH OF CONTRACT

72. Defendant breached the terms of the policy when they unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to the Plaintiff.

73. This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiff for the repair of Plaintiff's insured property with like kind and quality material as existed at the time the hurricane occurred.

74. By virtue of the breach of contract, Defendant is liable to and owes Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove as allowed by the law.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

75. Defendant received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiff, but failed to timely investigate and settle the loss. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting Defendant to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

76. In addition, Defendant owes Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty

by failing to pay the amount due on this claim within thirty days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Defendant to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

## DAMAGES

77. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

    a. Repair and remediation expenses;

    b. Structural damages;

    c. Loss of personal property;

    d. Inability to make appropriate repairs due to inadequate insurance payments;

    e. Any and all other applicable damages arising under any of the policy's sub-coverage limits;

    f. Diminution in value of property;

    g. Actual damages related to the increased cost of repairs;

    h. Attorney's fees and penalties; and

    i. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## JURY DEMAND

78. Plaintiff affirmatively asserts that the damages sought herein exceed the minimum limits for a trial by jury.

79. Plaintiff requests a trial by jury on all issues so triable by a jury in this matter and reserves the right to supplement and amend this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff herein, Harold McMillian., prays that this complaint be filed into the record, that Defendant, SAFEPOINT INSURANCE COMPANY, be cited to appear and answer same, and after due proceedings are had, there be judgment rendered in favor of Plaintiff, HAROLD MCMILLIAN, and against Defendant, SAFEPOINT INSURANCE COMPANY, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available. Further, Plaintiff, HAROLD MCMILLIAN, prays that there be a judgment rendered in favor of Plaintiff and against Defendant, SAFEPOINT INSURANCE COMPANY, declaring that in their transaction of insurance, SAFEPOINT INSURANCE COMPANY, has an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973.

Dated: June 13, 2022

Respectfully submitted,

GAUTHIER MURPHY & HOUGHTALING, LLC

/s/ Jennifer Perez
JENNIFER PEREZ, BAR NO. 38370
3500 N. Hullen Street
Metairie, Louisiana 70002
Telephone:   (504) 456-8600
Facsimile:   (504) 456-8624
Email:       jennifer@gmhatlaw.com
             john@gmhatlaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I do hereby certify that on this 13th day of June, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which, if they are subscribed, will send a notice of electronic filing to all counsel of record.

                                      /s/ Jennifer Perez
                                      Jennifer Perez (Bar No. 38370)