## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**HAROLD MCMILLIAN**                                          **CIVIL ACTION**

**VERSUS**                                                          **CASE NO. 22-1744**

**SAFEPOINT INSURANCE CO.**                              **SECTION: "G"(4)**

### ORDER AND REASONS

In this litigation, Plaintiff Harold McMillian ("Plaintiff") brings claims against his homeowner insurer, Defendant Safepoint Insurance Company ("Defendant"), for damages allegedly sustained to Plaintiff's property following Hurricane Ida.[1] Plaintiff brings a breach of contract claim and a claim for breach of duty of good faith and fair dealing under Louisiana Revised Statute §§ 22:1982 and 22:1973.[2] Plaintiff also seeks a declaratory judgment finding that the time delays for payment time of insurance claims set forth in §§ 22:1982 and 22:1973 have run and that Defendant has a duty to tender payment.[3] Pending before the Court is Defendant's "Rule 12(b)(6) Motion to Dismiss Declaratory Action," wherein Defendant argues that the request for declaratory relief should be dismissed as duplicative.[4] Plaintiff opposes the motion.[5] For the reasons discussed in detail below, Plaintiff's request for declaratory relief is duplicative because resolution of the substantive breach of contract and breach of the duty of good faith and fair dealing

---

[1] Rec. Doc. 1.

[2] *Id.* at 10.

[3] *Id.* at 10–11.

[4] Rec. Doc. 5.

[5] Rec. Doc. 9.

1

claims will resolve the issues raised in the request for declaratory relief. Accordingly, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

Plaintiff filed a Complaint against Defendant in this Court on June 13, 2022.[6] Plaintiff alleges that he contracted with Defendant to insure the property located at 7136 Grey Oaks Drive, New Orleans, Louisiana.[7] Plaintiff alleges that the property sustained extensive damage due to Hurricane Ida.[8] Plaintiff asserts that he provided timely and proper notice to Defendant of the claim, but Defendant failed to timely commence its investigation and claims handling.[9] According to the Complaint, Defendant inspected the property on January 28, 2022.[10] Plaintiff provided Defendant with a formal proof of loss package on February 4, 2022,[11] and he provided Defendant additional proof of roof damage on February 17, 2022.[12] Plaintiff alleges that in May 2022, Defendant paid Plaintiff for approximately two percent of the sustained loss.[13]

Plaintiff brings a breach of contract claim and a claim for breach of duty of good faith and fair dealing under Louisiana Revised Statute §§ 22:1982 and 22:1973.[14] Plaintiff also seeks a

---

[6] Rec. Doc. 1.

[7] *Id.* at 2.

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 6.

[12] *Id.* at 7.

[13] *Id.* at 8.

[14] *Id.* at 10–11.

declaratory judgment finding that the time delays for payment time of insurance claims set forth in §§ 22:1982 and 22:1973 have run and that Defendant has a duty to tender payment.[15]

On July 1, 2022, Defendant filed the instant "Rule 12(b) Motion to Dismiss Declaratory Action."[16] On July 19, 2022, Plaintiff filed an opposition to the motion.[17] On July 27, 2022, Defendant filed a reply brief in further support of the motion.[18]

## II. Parties' Arguments

### A.    Defendant's Arguments in Support of the Motion

Defendant seeks dismissal of Plaintiff's request for declaratory relief.[19] Defendant argues that this claim is duplicative of the underlying breach of contract claim.[20] Defendant asserts that resolution of the breach of contract claim will resolve the issues raised in the claim for declaratory relief.[21] Therefore, Defendant asserts that the request for declaratory relief should be dismissed.[22]

### B.    Plaintiff's Arguments in Opposition of the Motion

Plaintiff opposes the motion and argues that the request for declaratory relief is not duplicative.[23] Plaintiff cites Federal Rule of Civil Procedure 57, which provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise

---

[15] *Id.* at 9–10.

[16] Rec. Doc. 5.

[17] Rec. Doc. 9.

[18] Rec. Doc. 12.

[19] Rec. Doc. 5-1 at 1.

[20] *Id.*

[21] *Id.* at 3–4.

[22] *Id.* at 4.

[23] Rec. Doc. 9 at 4.

appropriate."[24] Plaintiff contends that the request for declaratory relief can be resolved as a summary proceeding, while the claims for damages can proceed by ordinary process.[25]

Plaintiff asserts that the breach of contract claim is distinct from the request for declaratory relief because: (1) Plaintiff does not have to prove a violation of § 1892 or § 1973 to succeed on a breach of contract claim and (2) a breach of contract claim does not automatically give rise to penalties under those sections.[26]

Plaintiff argues that he "is at risk for present and future harm as [he] is still unable to enforce the claim handling timelines, and continuing duties of good faith and dealings, or collect the amount presently due as result of [Defendant's] violations, which is different than the breach of contract injury for the amount to be indemnified under the policy."[27] Finally, if Defendant's motion is granted, Plaintiff asserts that Defendant cannot later contend that the elements of a claim under Louisiana Revised Statute §§ 22:1892 and 22:1973 are different from a breach of contract claim.[28]

## C.    *Defendant's Arguments in Further Support of the Motion*

In reply, Defendant asserts that before it can be found liable for any bad faith penalties under Louisiana Revised Statute §§ 22:1892 and 22:1973, there must be a factual determination that the refusal to pay the insurance claim was unreasonable.[29] Defendant contends that "[t]here is no expedited means to allow a jury to determine these factual issues associated with any alleged

---

[24] *Id.*

[25] *Id.* at 4–5.

[26] *Id.* at 7.

[27] *Id.* at 8.

[28] *Id.* at 9.

[29] Rec. Doc. 12 at 1.

breach apart from a determination of the remaining factual issues which are to be tried."[30] Therefore, Defendant argues that the request for declaratory relief is duplicative and must be dismissed.[31]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[32] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[33] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[34] "Factual allegations must be enough to raise a right to relief above the speculative level."[35] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[36]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[37] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[38] "While legal conclusions

---

[30] *Id.* at 1–2.

[31] *Id.* at 2.

[32] Fed. R. Civ. P. 12(b)(6).

[33] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[35] *Twombly*, 550 U.S. at 555.

[36] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[37] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[38] *Iqbal*, 556 U.S. at 678–79.

can provide the framework of a complaint, they must be supported by factual allegations."[39] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[40] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[41] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[42] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[43] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[44]

## IV. Analysis

Plaintiff raises three separate claims in the Complaint: (1) a breach of contract claim; (2) a claim for breach of duty of good faith and fair dealing under Louisiana Revised Statute §§ 22:1982 and 22:1973; and (3) a request for a declaratory judgment finding that the time delays for payment time of insurance claims set forth in §§ 22:1982 and 22:1973 have run and that Defendant has a duty to tender payment.[45] Defendant argues that the request for a declaratory judgment should be

---

[39] *Id.* at 679.

[40] *Id.* at 678.

[41] *Id.*

[42] *Id.*

[43] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[44] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[45] Rec. Doc. 1.

dismissed because it is duplicative of the breach of contract claim.[46] Plaintiff opposes the motion and argues that the claims are not duplicative.[47]

Under Louisiana law, an insurance policy is a contract that must be construed using the general rules of contract interpretation.[48] To state a breach of contract claim, a plaintiff must allege that: (1) the defendant owed the plaintiff an obligation; (2) the defendant failed to perform the obligation; and (3) the defendant's failure resulted in damages to the plaintiff.[49] If an insurer breaches its contractual obligations to its insured and fails to pay claims in good faith, Louisiana law imposes penalties on the insurer.[50]

Louisiana Revised Statute § 22:1982(A)(1) provides that insurers must "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss from the insured. . . ." The statute imposes statutory penalties on the insurer if its failure to pay within thirty days is "arbitrary, capricious, or without probable cause."[51] Similarly, Louisiana Revised Statute § 22:1973 requires insurers to pay "the amount of any claim due within sixty days after receipt of satisfactory proof of loss," and an insurer breaches this duty "when such failure is arbitrary, capricious, or without probable cause."[52] If the insurer fails to pay within this time frame, it is

---

[46] Rec. Doc. 5.

[47] Rec. Doc. 9.

[48] *Cadwallader v. Allstate Ins. Co.*, 2002-1637 (La. 6/27/03); 848 So. 2d 577, 580.

[49] *See Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 2014-2592 (La. 12/8/15), 193 So. 3d 1110, 1115 (citing 2 Saul Litvinoff, La. Civ. Law Treatise: The Law of Obligations 378–87 (1975); La. Civ. Code art. 1994; *Favrot v. Favrot*, 2010-986 (La. App. 4 Cir. 2/9/11); 68 So. 3d 1099, 1108–09).

[50] *See* La. Rev. Stat. §§ 22:1973, 22:1982.

[51] La. Rev. Stat. § 22:1982(B)(1).

[52] La. Rev. Stat. § 22:1973(B)(5).

liable for "any damages sustained as a result of the breach" and may be liable for penalties of "two times the damages sustained or five thousand dollars, whichever is greater."[53]

To recover penalties under these statutes, the insured bears the burden of proving: "(i) that the insurer received a satisfactory proof of loss, (ii) that the insurer failed to pay the claim within the applicable statutory period, and (iii) that the insurer's failure to pay was arbitrary and capricious."[54] To prove that the insurer's failure to pay was "arbitrary and capricious", the insurer must submit clear proof that the insurer's refusal to pay was "vexatious" or "unjustified, without reasonable or probable cause or excuse."[55] Therefore, "statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense."[56]

In *Smith v. Citadel Insurance Company*, the Louisiana Supreme Court held that the insurer's duty of good faith "does not exist separate and apart from an insurer's contractual obligations."[57] Although the obligation is codified in the revised statutes, the Supreme Court found that "this duty is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties."[58]

---

[53] La. Rev. Stat. § 22:1973(A), (C).

[54] *Grilletta v. Lexington Ins. Co.*, 558 F.3d 359, 368 (5th Cir. 2009) (quoting *Boudreaux v. State Farm Mut. Auto. Ins. Co.*, 2004-1339 (La. App. 4 Cir. 2/2/05); 896 So. 2d 230, 233).

[55] *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-0107 (La. 10/21/03); 857 So. 2d 1012, 1021.

[56] *Id.* (citing *Rudloff v. Louisiana Health Services and Indemnity Co.*, 385 So.2d 767, 771 (La.1980)).

[57] *See Smith v. Citadel Ins. Co.*, 2019-00052 (La. 10/22/19); 285 So. 3d 1062, 1073.

[58] *Id.*

Defendant's argument that the request for declaratory judgment is duplicative of the breach of contract claim is imprecise. The Louisiana Supreme Court has recognized that "a claim against an insurer for breach of the insurance contract and a claim against an insurer for breach of its duty of good faith and fair dealing . . . are two separate causes of action."[59] Nevertheless, Defendant is correct that the request for declaratory judgment is duplicative of the other claims alleged in the Complaint. In addition to the assertion that Plaintiff is entitled to a declaratory judgment that the time delays for payment time of insurance claims set forth in §§ 22:1982 and 22:1973 have run and that Defendant has a duty to tender payment, Plaintiff also brings a claim for damages resulting from Defendant's alleged breach of duty of good faith and fair dealing under Louisiana Revised Statute §§ 22:1982 and 22:1973.[60] Before the Court can resolve Plaintiff's claim for breach of duty of good faith and fair dealing, it must be determine whether Defendant has in fact breached its contractual obligations by failing to pay Plaintiff.[61] Then, it must be determined whether the failure to pay was arbitrary and capricious.[62] The request for declaratory judgment is duplicative because Plaintiff also brings a claim for damages based on Defendant's alleged breach of the duty of good faith and fair dealing. Resolution of these substantive breach of contract and breach of the duty of good faith and fair dealing claims will resolve the issues raised in the request for declaratory relief. Therefore, the request for declaratory relief is duplicative and must be dismissed.[63]

---

[59] *Durio v. Horace Mann Ins. Co.,* 2011-0084 (La. 10/25/11); 74 So.3d 1159, 1170.

[60] Rec. Doc. 1.

[61] *See Marcelle v. Southern Fidelity Ins. Co.*, 954 F.Supp.2d 429 (E.D. La. 2013) ("summary judgment will not be appropriate when a claim for bad faith penalties depends on factual determinations underlying the reasonableness of the insurer's refusal to pay").

[62] *Grilletta*, 558 F.3d at 368.

[63] *See Smitty's Supply, Inc. v. Hegna*, No. 16-13396, 2019 WL 1099712, at *2 (E.D. La. Mar. 8, 2019); *Veal v. Wells Fargo Bank, N.A.*, No. 16- 3998, 2016 WL 6024534, at *6 (E.D. La. Oct. 14, 2016); See *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 636 (N.D. Tex. 2010).

## V. Conclusion

For the reasons set forth above, Plaintiff's request for declaratory relief is duplicative because resolution of the substantive breach of contract and breach of the duty of good faith and fair dealing claims will resolve the issues raised in the request for declaratory relief. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Rule 12(b)(6) Motion to Dismiss Declaratory Action"[64] is **GRANTED**. Plaintiff's request for declaratory relief is dismissed because it is duplicative of the substantive claims.

**NEW ORLEANS, LOUISIANA**, this ____21st____ day of December, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[64] Rec. Doc. 5.