**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HAROLD MCMILLEN** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 22-1744** |
| **SAFEPOINT INSURANCE CO.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

In this litigation, Plaintiff Harold McMillian ("Plaintiff") brings claims against his homeowner insurer, Defendant Safepoint Insurance Company ("Defendant"), for damages allegedly sustained to Plaintiff's property following Hurricane Ida.[1] Pending before the Court is Defendant's "Motion to Compel Appraisal."[2] Plaintiff opposes the motion.[3] For the reasons discussed in detail below, Defendant demanded appraisal within a reasonable time after a dispute as to the amount of loss arose. Accordingly, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

Plaintiff filed a Complaint against Defendant in this Court on June 13, 2022.[4] Plaintiff alleges that he contracted with Defendant to insure the property located at 7136 Grey Oaks Drive, New Orleans, Louisiana.[5] Plaintiff alleges that the property sustained extensive damage due to

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 22.

[3] Rec. Doc. 24.

[4] Rec. Doc. 1.

[5] *Id.* at 2.

Hurricane Ida.[6] Plaintiff asserts that he provided timely and proper notice to Defendant of the claim, but Defendant failed to timely commence its investigation and claims handling.[7] According to the Complaint, Defendant inspected the property on January 28, 2022.[8] Plaintiff provided Defendant with a formal proof of loss package on February 4, 2022,[9] and he provided Defendant additional proof of roof damage on February 17, 2022.[10] Plaintiff alleges that in May 2022, Defendant paid Plaintiff for approximately two percent of the sustained loss.[11]

Plaintiff brings a breach of contract claim and a claim for breach of duty of good faith and fair dealing under Louisiana Revised Statute §§ 22:1982 and 22:1973.[12] Plaintiff also seeks a declaratory judgment finding that the time delays for payment time of insurance claims set forth in Sections 22:1982 and 22:1973 have run and that Defendant has a duty to tender payment.[13] On December 21, 2022, the Court granted Defendant's motion to dismiss the request for declaratory judgment because the Court found that the request was duplicative of the substantive claims.[14]

---

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.*

[9] *Id*. at 6.

[10] *Id.* at 7.

[11] *Id.* at 8.

[12] *Id.* at 10–11.

[13] *Id.* at 9–10.

[14] Rec. Doc. 31.

On November 8, 2022, Defendant filed the instant "Motion to Compel Appraisal."[15] On November 22, 2022, Plaintiff filed an opposition to the motion.[16] On November 30, 2022, Defendant filed a reply brief in further support of the motion.[17]

## II. Parties' Arguments

### A.      *Defendant's Arguments in Support of the Motion*

Defendant moves the Court to issue an order compelling the parties to submit to the appraisal process as required by the express terms of the insurance policy.[18] Defendant contends that a claim adjuster inspected the property on January 28, 2022, and a report was completed on April 29, 2022.[19] Then, Defendant issued a payment to Plaintiff in the amount of $9,832.80.[20] Defendant asserts that it sent an appraisal demand to Plaintiff's counsel on May 31, 2022, and again on July 2, 2022.[21] Despite these requests, Defendant contends that Plaintiff has refused to appoint an appraiser on his behalf.[22] Defendant argues that an appraisal is required under the terms of the policy and under Louisiana law.[23] Defendant asserts that the appraisal demand was timely because it was made within 20 days of issuance of the payment to Plaintiff, because "it was then clear a dispute as to the value of the loss existed."[24] Therefore, Defendant requests that the Court

---

[15] Rec. Doc. 22.

[16] Rec. Doc. 24.

[17] Rec. Doc. 28.

[18] Rec. Doc. 22 at 1.

[19] Rec. Doc. 22-1 at 2.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at 3–5.

[24] *Id.* at 6.

issue an Order compelling the parties to participate in the appraisal process and staying this matter pending completion of that process.[25]

### B.   *Plaintiff's Arguments in Opposition of the Motion*

Plaintiff opposes the motion.[26] Plaintiff points out that on February 4, 2022, he submitted an extensive proof of loss package to Defendant containing evidence supporting a demand for $479,672.47.[27] Additionally, Plaintiff points out that on February 17, 2022, his contractor submitted to Defendant documentation of the roof damage taken during the re-tarping of the roof, which was done at Defendant's direction.[28] Plaintiff asserts that Defendant "was undoubtedly aware by February 20222 that there was a massive dispute as to the amount of loss."[29]

Plaintiff argues that Defendant had 60 days from receipt of Plaintiff's February 4, 2022 proof of loss to invoke an appraisal.[30] Since Defendant filed to invoke an appraisal within that timeframe, Plaintiff argues that Defendant has waived the right to compel appraisal.[31] Alternatively, Plaintiff contends that Defendant's May 31, 2022 appraisal demand was untimely because it was made more than 120 days after the January 28, 2022 inspection.[32] Therefore, Plaintiff argues that Defendant did not invoke the appraisal process within a reasonable time after

---

[25] *Id.* at 7.

[26] Rec. Doc. 24.

[27] *Id.* at 2.

[28] *Id.*

[29] *Id.* at 3.

[30] *Id.* at 8.

[31] *Id.*

[32] *Id.* at 8–9.

the amount of loss was in dispute.[33] Finally, even if the Court determines that Defendant is entitled to move forward with an appraisal, Plaintiff contends that there is no legitimate reason to stay the litigation pending completion of the appraisal process.[34]

## C.    Defendant's Arguments in Further Support of the Motion

In reply, Defendant asserts that the appraisal process was timely invoked.[35] Defendant contends that the appraisal was invoked within 30 days of the first payment of damages, after Defendant obtained its own estimate and additional inspections of Plaintiff's roof were denied.[36] Defendant points out that the adjuster's report was completed on April 29, 2021, and appraisal was invoked on May 31, 2022.[37] Considering that the appraisal provision is mandated by the policy, Defendant contends that a failure to compel appraisal would violate its vested contractual rights, which has constitutional implications under the due process and contract clauses of both the United States Constitution and the Louisiana Constitution.[38]

## III. Legal Standard

Courts have consistently held that appraisal provisions in insurance policies are valid and enforceable under Louisiana law.[39] Such provisions, however, do not deprive a court of jurisdiction

---

[33] *Id.*

[34] *Id.* at 11.

[35] Rec. Doc. 28 at 1.

[36] *Id.* at 1–2.

[37] *Id.* at 2.

[38] *Id.*

[39] *See, e.g., Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, 565 F.3d 284, 287 (5th Cir. 2009); *St. Charles Parish Hosp. Service Dist. No. 1 v. United Fire and Cas. Co.*, 681 F. Supp. 2d 748, 753 (E.D. La. 2010) (Vance, J.); *Newman v. Lexington Ins. Co.*, No. 06-4668, 2007 WL 1063578, at *2 (E.D. La. Apr. 4, 2007) (Africk, J.); *Fourchon Docks, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 86-2267, 1988 WL 32938, at *8 (E.D. La. Apr. 6, 1988) (Wicker, J.); *Branch v. Springfield Fire & Marine Ins. Co. of Springfield, Mass.*, 4 So. 2d 806, 727 (La. 1941); *Girad v. Atlantic Mut. Ins. Co.*, 198 So. 2d 444, 445–47 (La. Ct. App. 1967).

over the matter.[40] In interpreting insurance contracts, including appraisal clauses, the Court is guided by the principles for construing contracts set forth in the Louisiana Civil Code.[41] "Interpretation of a contract is the determination of the common intent of the parties."[42] Such intent is to be derived from the language of the contract itself. If that language is "clear and explicit and lead[s] to no absurd consequences, no further interpretation may be made in search of the parties' intent."[43] Words "must be given their generally prevailing meaning," and terms of art are interpreted as such only when a technical matter is at stake.[44]

"Like any other contract term, the appraisal provision may be waived by conduct inconsistent with invocation of the provision."[45] The waiver inquiry generally focuses on whether appraisal was timely invoked. [46] Where the appraisal provision does not mention a specific time period in which invocation must be made, an appraisal must be demanded within a "reasonable time after a dispute as to the amount of loss arises."[47] Generally, district courts in Louisiana have

---

[40] *St. Charles Parish Hosp.*, 681 F. Supp. 2d at 753; *Newman*, 2007 WL 1063578, at *2; *Fourchon Docks*, 1988 WL 32938, at *8; *Girad*, 198 So. 2d at 446.

[41] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007); *Cadwallader v. Allstate Ins. Co.*, 2002-1637 (La. 6/27/03), 848 So. 2d 577, 580.

[42] La. Civ. Code art. 2045.

[43] La. Civ. Code art. 2046.

[44] La. Civ. Code art. 2047.

[45] *Dwyer*, 565 F.3d at 287.

[46] *Id.* at 288 ("The appropriate waiver inquiry examines . . . whether [the party] knew that the appraisal clause could be invoked, [and] whether it reacted timely to the knowledge.").

[47] *Marquette v. S. Fid. Ins. Co.*, No. 14-2311, 2015 WL 13529953, at *3 (E.D. La. May 19, 2015) (Zainey, J.) (quoting *Triple K, Inc. v. Century Sur. Co.*, No. 10-1236, 2010 WL 3418237, at *2 (E.D. La. Aug. 23, 2010) (Duval, J.)).

found a delay of two months or less to be reasonable, while a delay of more than four months has been found unreasonable.[48]

## IV. Analysis

Defendant moves the Court to issue an order compelling the parties to submit to the appraisal process as required by the express terms of the insurance policy.[49] Plaintiff opposes the motion and argues that Defendant has waived the right to appraisal by failing to request it within 60 days from receipt of Plaintiff's February 4, 2022 proof of loss.[50]

The policy contains an explicit appraisal provision, which provides:

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
Each party will:
  1. Pay its own appraiser; and
  2. Bear the other expenses of the appraisal and umpire equally.[51]

---

[48] *Marquette*, 2015 WL 13529953, at *3; *Davis v. Safeco Ins. Co. of Am.*, No. 13-677, 2014 WL 3939809, at *6 (M.D. La. Aug. 12, 2014) (Jackson, C.J.) (finding a delay of over four months to be unreasonable); *Beasley v. GeoVera Specialty Ins. Co.*, No. 13-395, 2013 WL 3187289, at *1 (E.D. La. June 20, 2013) (finding that the insurer's "nine-day delay before invoking the appraisal provision was reasonable") (Fallon, J.); *Nguyen v. St. Paul Travelers Ins. Co.*, No. 06-4130, 2007 WL 1672504, at *4 (E.D. La. June 6, 2007) (Vance, J.) (finding a request for appraisal made "approximately four months after sufficient proof of loss . . . was untimely"); *Newman v. Lexington Ins. Co.*, 2007 WL 1063578, at *4 (E.D. La. Apr. 4, 2007) (Africk, J.) (finding a two month delay to be reasonable).

[49] Rec. Doc. 22 at 1.

[50] Rec. Doc. 24.

[51] Rec. Doc. 22-3 at 19.

The appraisal provision does not mention a specific time period in which invocation must be made. Therefore, an appraisal must be demanded within a "reasonable time after a dispute as to the amount of loss arises."[52]

Plaintiff argues that Defendant's May 31, 2022 appraisal demand was untimely because it was made more than 60 days after Defendant received Plaintiff's formal proof of loss package on February 4, 2022. Plaintiff relies on *W.P. Sevier v. United States Fidelity & Guaranty Company*.[53] There, the Louisiana Supreme Court held that an insurer's failure to demand appraisal within 60 days of receipt of satisfactory proof of loss rendered the demand untimely under the terms of the insurance policy at issue in that case.[54] A provision of the policy stated:

> The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided.[55]

The insurer demanded appraisal after the 60-day time period and before paying anything to the insured under the contract.[56] The Louisiana Supreme Court held that the demand for appraisal was untimely.[57] The court emphasized that the insurer had "sufficient information to act on the claim," because it knew both the estimates provided by the insured's contractor and the insurance adjuster's estimate of the scope of repairs.[58]

---

[52] *Marquette*, 2015 WL 13529953, at *3 (quoting *Triple K, Inc.*, 2010 WL 3418237, at *2).

[53] 497 So. 2d 1380 (La. 1986).

[54] *Id.* at 1384.

[55] *Id.* at 1381.

[56] *Id.*

[57] *Id.* at 1384.

[58] *Id.*

The loss payment provision of the policy at issue in *Sevier* is distinguishable from the loss payment provision at issue here. The policy at issue here provides:

> Loss will be payable 60 days after we receive your proof of loss and:
> 1. Reach an agreement with you;
> 2. There is an entry of final judgment; or
> 3. There is a filing of an appraisal award with us.[59]

Under Plaintiff's policy, Defendant must receive proof of loss *and* one of the three options listed must be satisfied before the clock begins to run on the 60-day payment period. It is undisputed that Plaintiff has not reached an agreement with Defendant, the Court has not entered a final judgment, and there has been no filing of an appraisal award with Defendant. Therefore, this case is distinguishable from *Sevier* because the loss payment provision's requirements have not been met.[60]

*Sevier* does not stand for the broad proposition that appraisal must be demanded within 60 days of receipt of any proof of loss. In *Sevier*, the Louisiana Supreme Court held that the appraisal demand was untimely because it was made more than 60 days after receipt of a proof of loss, when the insurer had both the insured's proof of loss and the adjuster's estimate of the scope of repairs.[61] Here, the undisputed evidence in the record reflects that Defendant did not have sufficient information to act on Plaintiff's claim within 60 days of receipt of the proof of loss.

The adjuster inspected Plaintiff's property on January 28, 2022, but he was unable to inspect the roof.[62] The adjuster noted that an engineer was needed to inspect the property.[63] The

---

[59] Rec. Doc. 22-3 at 20.

[60] *See Beasley*. 2013 WL 3187289, at *3 (distinguishing *Sevier* from a loss payment provision identical to the provision at issue here).

[61] 497 So. 2d at 1384.

[62] Rec. Doc. 22-2 at 1.

[63] *Id.*

engineer's report was received on February 17, 2022.[64] On March 1, 2022, the adjuster prepared

an estimate, but noted that an additional roof inspection was needed.[65] On April 19, 2022, the roof

inspector reported that Plaintiff's attorney had not allowed a roof inspection.[66] On April 29, 2022,

the adjuster completed the report without the requested roof inspection.[67] Defendant then sent

Plaintiff a payment for the undisputed damages on May 11, 2022, and it sent an appraisal demand

on May 31, 2022.[68] Therefore, Defendant received the adjuster's final report on April 29, 2022,

and it demanded appraisal 32 days later. Considering all these circumstances, the Court concludes

that Defendant demanded appraisal within a reasonable time after a dispute as to the amount of

loss arose. Accordingly, Defendant has not waived appraisal, and the motion to compel appraisal

must be granted because the express terms of the policy require an appraisal.

    Finally, Defendant requests that the Court stay this matter pending completion of that

process.[69] Plaintiff contends that there is no legitimate reason to stay the litigation pending

completion of the appraisal process.[70] Plaintiff asserts that allowing discovery to proceed on issues

like causation, statutory entitlement to attorney's fees and penalties, and other damages will

streamline this case once the appraisal process determines an amount of loss.[71] In *Landis v. North*

*American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to

---

[64] *Id.*

[65] *Id.*

[66] *Id.*

[67] *Id.*

[68] *Id.*

[69] Rec. Doc. 22-1 at 7.

[70] Rec. Doc. 24 at 11.

[71] *Id.*

the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[72] A district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[73] District courts frequently stay litigation pending completion of the appraisal process.[74] Plaintiff has not demonstrated that he will be unduly prejudiced by a stay.

### V. Conclusion

For the reasons set forth above, Defendant demanded appraisal within a reasonable time after a dispute as to the amount of loss arose. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Compel Appraisal"[75] is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED** pending the parties' completion of an appraisal.

**IT IS FURTHER ORDERED** that the parties shall file a motion to lift the stay and reopen the case, if necessary, within 30 days of completion of the appraisal process.

**NEW ORLEANS, LOUISIANA**, this ___10th___ day of January, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[72] 299 U.S. 248, 254 (1936).

[73] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[74] *Beasley*. 2013 WL 3187289, at *4; *Newman*, 2007 WL 1063578, at *4

[75] Rec. Doc. 22.